## Cleveland, Painesville & Eastern Railroad Co. v. Nixon, Admr., etc.

1. Error to Submit Issue Not Made by Pleadings.

> In an action against a street railway company for the wrongful death of a person while riding a bicycle between the tracks of said company directly in front of one of its cars, a charge that the liability of such company depended on the fact that there was a failure of the motorman to stop the car after discovering the peril of the decedent is misleading and improper where there was no such issue made by the pleadings.

2. SAME—NEGLIGENCE NOT PLEADED.

Where, in an action against an electric railway company, there was no allegation of negligence in failing to lower the life guard, the admission of evidence tending to show that the life guard with which the car was equipped was not lowered, and a charge of the court in relation thereto, by which the jury were permitted to base their verdict on such negligence, constitute error.

3. NEGLIGENCE TO RIDE BICYCLE ON RAILROAD TRACK.

A person riding a bicycle upon an electric railroad track in front of a moving car not twenty feet away, is guilty of such negligence as will defeat a recovery, and under such circumstances the negligence of both parties, if both are guilty, is concurrent.

4. RIGHT TO INSTRUCTIONS BEFORE ARGUMENT.

Section 5190, Rev. Stat., confers on parties the right to have instructions requested in writing given to the jury before argument, and a request, if a correct statement of the law and pertinent to the issue, should be given and the refusal to give it is error, notwithstanding the request is an abstract proposition of law and requires construction as to its application.

HEARD ON ERROR.

*Johnson & Hackney*, for defendant.

*Ford, Snyder, Henry & McGraw*, for plaintiff in error, cited:

Failure of proof: Sec. 5296, Rev. Stat.; 6 Enc. Pl. & Pr., 688, and note 3.

Contributory negligence: Railroad Co. v. Kassen, 49 Ohio St., 230 [31 N. E. Rep., 282], as inapplicable. Railroad Co. v. Depew, 40 Ohio St., 121; Schweinforth v. Railway Co., 60 Ohio St., 215 [54 N. E. Rep.,89]; Cincinnati St., Ry. Co. v. Jenkins, 11 Circ. Dec., 130 [20 R., 256].

HALE, J.:

The plaintiff in error, the Cleveland, Painesville & Eastern Railroad Company, owns and operates a double-track railway between the cities of Cleveland and Painesville. A part of the line of this road is located on Collamore avenue, in the village of Collinwood.

On September 13, 1898, a car of said company, in charge of a conductor and motorman, was passing over said company's track on said street en route from Painesville to Cleveland. The decedent, William C. Bahr, on said day was riding a bicycle along said street in front of said car. After turning upon said street, said decedent rode for a short distance on the space called the "Devil Strip," and then turned into the space between the two rails upon which the car was approaching, directly in front of the car, which was not more than twenty-five feet distant from him. He was run over and killed.

It is averred in the petition that the wind was blowing very hard at the time, making it difficult for travellers on bicycles to hear the approach of cars; that the car was running at the rate of forty miles per hour; that the agents, servants and employees of the company in charge of said car, could and did see the decedent for more than nine hundred feet before striking him.

The petition avers that "on the date aforesaid, upon the street aforesaid, the wind blowing as aforesaid, the defendant's car running after the said William C. Bahr, deceased, as aforesaid, in charge of said defendant's agents, servants and employees, the said deceased upon his bicycle as aforesaid, upon the said street as aforesaid, in front of and in plain view of the defendant's agent operating said car as aforesaid, with his back thereto as aforesaid, the defendant, by its said agents, servants

and employees operating said car, did then and there on said Collamore street, negligently, carelessly, unskilfully, wilfully, recklessly and purposely run said car against, upon, and over the body of the said deceased, William C. Bahr, by means of and whereof said William C. Bahr was then and there and thereby instantly killed."

On the trial of the case, the defendant in error abandoned the claim that the car was running at a high rate of speed and gave no evidence in support thereof, but based his right to recovery on the other allegations contained in the petition, and on the theory that the car was in fact running slowly and could, by the exercise of ordinary care, have been stopped in time to save the defendant after his peril was discovered, a theory that had no support in the averments of the petition.

In giving to the jury the rule of law by which the negligence of the company was to be determined, the court, among other things, said :

"A man may, by his own negligence and thoughtlessness, place himself in a dangerous position, a position that if he was not placed in he would not be hurt, but if the other party knows that he is in that dangerous position, is aware of it, in time to avert the injury, then the fact that the man was negligent in getting in that place is no defense."

If the liability of the plaintiff depended on the fact that there was a failure of the motorman to stop the car after discovering the peril of the decedent, there should be some averment of such fact in the petition. No such issue was made in the pleadings, and the charge upon that subject was at least misleading, and therefore erroneous.

Second. On the trial the defendant in error, over the objection of the plaintiff, was permitted to show that the life guard with which the car was equipped was not lowered.

In the charge, the court said to the jury : "Something has been said here about the life guard. I want to say a word about that. It appears from the evidence that this car had a life guard, and also from the evidence that somewhere several rods back, several hundred feet, the motorman discovered two persons upon bicycles in the "Devil Strip," and at some distance back sounded his gong as a warning. If, in the exercise of ordinary care, he did not deem that there was any exercise or use for this life guard, he would be under no obligation to drop it, if ordinary care would not require him to drop it; but if ordinary care would suggest it, if that would be any protection to this man, then the motorman was negligent in not dropping the life guard."

By the admission of this evidence, under the charge of the court, the jury were permitted to base their verdict on negligence of the company not charged in the petition. This was error. The evidence should have been excluded and no recovery permitted upon that ground.

Third. Counsel for plaintiff in error requested the court in writing to give the jury, before argument, the following proposition :

"If the decedent, William C. Bahr, was guilty of any negligence whatever, directly contributing to his own injury and death, the plaintiff cannot recover."

Section 5190, Rev. Stat., confers upon parties the right to have instructions requested in writing given to the jury before argument, and such request, if a correct statement of the law and pertinent to the issue, should be given, and the refusal to give is error.

While this request as an abstract proposition of law may be correct, it is not happily worded; it requires some refinement and construction to its practical application.

Plaintiff's negligence might be so very insignificant as not to have the effect to defeat the action. It must be such as to proximately contribute to the injury. However, by this request, we suppose it is meant that any negligence whatever, sufficient to contribute directly to the injury, would defeat the action; and, if such was the proper meaning of the request, its refusal was error.

Fourth. Again, it is claimed that the verdict of the jury was not sustained by sufficient evidence, and that the motion for a new trial should have been allowed for that reason.

If we are correct in the construction given to the pleadings, this claim should be sustained.

We are also of the opinion that upon the theory upon which the case was tried, the verdict was not sustained by sufficient evidence.

There was no definite testimony of the speed at which the car was moving. There was some evidence, however, that it was moving slowly. It is claimed that the car stopped within five or six feet after striking the decedent, and therefore must have been moving slowly. There was no evidence whatever of the distance within which the car could have been stopped when running at the rate of speed at which the car was moving at the time. It is not shown that there was no effort to stop the car before the collision. For aught that appears, the motorman may have commenced his efforts to stop the car immediately after the decedent came upon the track; and while he was riding upon the "Devil Strip," there was but slight danger of a collision.

We hold that a person riding upon a bicycle passing upon a railroad track in front of a moving car not twenty feet away, is guilty of such negligence as will defeat a recovery. Under such circumstances, the negligence of both parties, if both are guilty of negligence, is concurrent.

The judgment of the court of common pleas is, therefore, reversed, and the case remanded for a new trial.